## Dornan v. Johnston

Before Carson, P. J., Cummins and Weiner, JJ.

*Wilmer E. Dornan*, p. p.

*Zeman & Zeman*, for defendants.

CARSON, P. J., March 26, 1962.—This is an action in which plaintiffs seek damages in trespass from defendants, licensed physicians, arising out of a certain surgical operation performed upon the plaintiff wife.

Following the filing of the complaint, an answer was filed by one of the defendants, after which interrogatories were served by defendants upon plaintiffs. Interrogatories 1-13 request the names and addresses of witnesses who will be called upon to support the allegations of negligence in paragraph 12 of the complaint. This paragraph sets forth in consecutively lettered sub-paragraphs, elements of negligence, which will require the expert testimony of other physicians. Supplemental interrogatories were also filed by defendant.

All of the interrogatories with the exception of interrogatories 1-13 have been answered by plaintiffs. Plaintiffs objected to answering these because they would require the giving of names and addresses of expert witnesses to support the allegations.

The court, in Ross v. Lister, 21 D. & C. 2d 51 (1959), discussed the question of whether the inter-related rules 4005, 4007 and 4011, permitted discovery by interrogatories of the names of expert witnesses, as opposed to lay witnesses or fact witnesses. Judge Flood, then a common pleas judge of Philadelphia County, in a cogent opinion concludes that rule 4011 does not limit the compulsion of the disclosure of the identity and whereabouts of witnesses, even if procured in anticipation of litigation or preparation for trial. He holds, however, that objections to interrogatories would be sustained under Pa. R.C.P. 4011 (b), since such a disclosure of expert witnesses, if compelled in advance of the pre-trial conference, would unduly limit plaintiff from thereafter making changes in his roster of witnesses as he prepares his case for trial. This is one of the reasons given by plaintiffs for their refusal to answer the interrogatories propounded to the case at bar.

From Judge Flood's opinion, it is apparent that expert witnesses need not be identified except at a time which will give the adversary an opportunity to learn the qualifications of the expert in order to prepare for cross-examination of him and to eliminate surprise at the trial, which the procedural rules aim at obviating.

In another Philadelphia County case, the objection of plaintiff to interrogatories of defendant to the use of discovery to obtain the names of all witnesses upon whom plaintiff would rely to prove his case was sustained under rule 4011 (d), for the reason that such disclosure might reveal indirectly the existence of reports and information made or secured by plaintiff in anticipation of preparation for trial. Ludwig v. Philadelphia Transportation Co., 14 D. & C. 2d 432 (1958). Judge Weinrott, in his opinion in this case, goes fur-

ther than Judge Flood in the Ross case in that he holds that not only rule 4011 (b) but also 4011 (d) limits the discovery of witnesses, where such witnesses are experts, since the disclosure might by indirection, permit the disclosure and existence of reports and other information which could not be obtained directly.

In the case of Shohola Feed Grain Company v. Hayden 5 D. & C. 2d 62, the court required defendant to answer interrogatories relating to the name of a witness; the court stated:

". . . We allow the second interrogatory with the limitation that defendant is not required to disclose any information secured for the first time in anticipation of this litigation, other than the names and addresses of witnesses."

This case does not decide the question of whether the word "witnesses" refers to expert witnesses or factual witnesses or both, and it is conceivable that any expert witnesses could have been properly omitted from the answer to the interrogatories propounded in the Shohola case. The case of Troutner v. Philadelphia Transportation Company, 5 D. & C. 2d 545, relied upon by defendant and in which Judge Weinrott had earlier written an opinion on the same general subject, is not in point in the case at bar, since Judge Weinrott in that opinion was discussing interrogatories relating to factual witnesses. Judge Weinrott makes it clear in the Ludwig case that the expert witnesses are excluded from Pa. R.C.P. 4011 (d).

The case at bar is a malpractice suit against physicians and even if we were to concede that rule 4011 (d) does not limit the disclosure to expert witnesses, rule 4011 (b) would place a limitation on the discovery of expert witnesses. Rule 4011 (b) states no disclosure shall be permitted which "(b) causes unreasonable annoyance, embarrassment, expense or oppression to the

deponent or any person or party." The basic rule 4007 (a), in which the disclosure of the identity and whereabouts of witnesses is permitted once again, does not differentiate between factual witnesses and expert witnesses, and in accord with the cases hereinbefore discussed, it is the opinion of this court that the word "witnesses" refers to factual witnesses, since simply by stating that the interrogatories are brought under 4007 (a) instead of 4005, a party would be able to circumvent the limitation of Pa. R.C.P. 4011.

In malpractice cases, it is well known that plaintiffs have great difficulty in obtaining expert witnesses to testify as to the standard of care and deviations from the standard by physician defendants. Great harm would result from giving defendants the opportunity of contacting and influencing expert witnesses against testifying against a fellow physician. Also disclosure of the names of the expert witnesses prior to trial might subject the experts to humiliation, harassment and embarrassment. This could discourage his testimony and could be avoided by disallowing the disclosure of the experts names until the trial is imminent, at least until the trial list has been called and both parties report that the case is ready for trial.

Wherefore, the objections of plaintiffs to answering the interrogatories 1-13 must be sustained.

### Order

And now, March 26, 1962, it is hereby ordered and decreed that the motion of the attorneys for defendants requesting the court to direct plaintiffs to answer interrogatories 1-13 inclusive, and to stay further proceedings until they have been answered, is refused, without prejudice to the right of defendants to renew their request after the case is called upon the trial list and both parties report that the case is ready for trial.